United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-30334
Summary Calendar
_____

LUIS MANUEL ALVARADO-RIVERA,

Plaintiff-Appellant,

versus

UNITED STATES BUREAU OF PRISONS;
ROBERT KOSCO; RON MARTINEZ,

Defendants-
Appellees.

---------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-1002
---------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Manuel Alvarado-Rivera ("Alvarado"), federal prisoner # 89512-079, appeals the

dismissal of his in forma pauperis ("IFP") civil rights suit. He also moves for the appointment of

counsel. The district court determined pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) that the

suit was frivolous and failed to state a claim. Alvarado has failed to brief his claims, raised in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court, that the defendants retaliated against him for pursuing his administrative remedies and that he was unable t o exhaust administrative remedies in connection with his medical condition. Accordingly, those claims are abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Alvarado argues with respect to his denial of access to courts claim that the district court erroneously determined that he failed to show an actual injury. Alvarado has not briefed the district court's alternate holding that Alvarado failed to show a denial of access to the courts because he was provided by the prison with persons to assist him with his legal claims. Alvarado's failure to identify error in the district court's alternate basis for rejecting his claim is the equivalent of not appealing the judgment, and the issue is abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9).

Alvarado also argues that the district court erroneously denied his motion for class action certification. He attempts to incorporate by reference arguments made in objections in the district court, which is an insufficient means of presenting issues for review on appeal. See Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 398-99 (5th Cir. 2001); Yohey, 985 F.2d at 224-25.

Alvarado's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED. See 5TH CIR. R. 42.2. Alvarado's motion for the appointment of counsel is DENIED. Alvarado is CAUTIONED that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Alvarado is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able

to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.